AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*August 10, 2021*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Cristian ALVEAR | ) | Case No. **4:21-MJ-1726** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **August 9, 2021** in the county of **Harris** in the
**Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(5) | possession of firearm by an alien unlawfully present in the U.S., said firearm having been transported in interstate commerce. |

This criminal complaint is based on these facts:
See "Affidavit."

☑ Continued on the attached sheet.

*Complainant's signature*

Jarod W. Cardona, Special Agent
*Printed name and title*

Telephonically sworn to before me and signed.

Date: 08/10/2021

*Judge's signature*

City and state: Houston, Texas    United States Magistrate Judge Sam S. Sheldon
*Printed name and title*

**Attachment A**

I, ATF Special Agent Jarod Cardona, being duly sworn and deposed, state the following:

I am a Special Agent employed by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives assigned to the Houston Field Division, Group VIII and have been so employed since 2009. During this time, I have conducted and participated in numerous investigations concerning the illegal possession of firearms, Federal controlled substance conspiracy laws, and the commission of violent crimes, to include home invasion robbery investigations. During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that **Cristian ALVEAR** an individual currently unlawfully present in the United States; knowingly possessed a firearm that traveled in interstate commerce in violation of United States Code, Section 922(g)(5). Based upon personal knowledge and

information I have received from other law enforcement investigators; I am aware of the following facts:

1. Investigators identified "**ALVEAR**" as **Cristian ALVEAR** (hereafter referred to as **ALVEAR**), a Mexican national who is believed to be present in the United States with no legal status. **ALVEAR** is currently living in Houston, Texas within the Southern District of Texas.

2. In June 2021, Houston based ATF agents were contacted by ATF agents in Dallas, Texas regarding their telephonic encounter with **ALVEAR**. ATF agents in Dallas informed ATF agents in Houston that they identified **ALVEAR** through phone records associated to 832-863-3120. **ALVEAR** had contacted an ATF undercover agent and was attempting to negotiate the purchase of a .50 caliber Barrett rifle in the Dallas area. ATF Dallas contacted ATF Houston to inform of **ALVEAR's** attempts to purchase the aforementioned rifle.

3. After this contact, ATF Houston used a confidential informant (hereafter referred to as "the CI") to contact **ALVEAR** to inquire about his desire to purchase firearms. Affiant believes the CI is credible and reliable based on Affiant's prior interactions with the CI that have resulted in seizures of contraband or the arrests of individuals. Between July 12, 2021 and August 5, 2021, ATF agents monitored and recorded several phone calls and messages between the CI and **ALVEAR** in which **ALVEAR** expressed his desire to purchase firearms. On at least one occasion, ALVEAR stated "*just make sure everything is for sure, I have the money ready.*"

4. On August 5, 2021, the CI and **ALVEAR** agreed to meet in the parking area in close vicinity of 1010 Antione Dr. in Houston, TX. **ALVEAR** was observed exiting his vehicle and entering the CI's vehicle. ATF agents monitored and recorded the meeting between the CI and **ALVEAR** in which **ALVEAR** expressed his desire to purchase firearms and believed he was going to be buying a firearm on this date. During this meeting, the CI and

**ALVEAR** discussed sending or transporting firearms to other locations in Texas and outside of the United States. During that portion of the conversation, **ALVEAR** stated he works with persons in Guerrero, Mexico regarding distribution of firearms. During this meeting, **ALVEAR** displayed what is believed to be his only type of identification card, which was noted by the CI to be a "Mexican Consulate Card". Both the CI and **ALVEAR** agreed to meet the following week to complete the firearms transaction.

5. On August 9, 2021, the CI and **ALVEAR** agreed to meet at a parking structure in the area of 7620 Katy Freeway, Houston TX to conduct the purchase of a Barrett .50 caliber rifle for $9,000.00 in U.S. currency. An undercover (UC) ATF agent accompanied the CI and observed **ALVEAR** arrive at the predetermined meet location as the passenger in a white Chevy pick-up truck. The UC agent observed **ALVEAR** inspect the rifle who then provided the CI with the previously agreed upon amount of $9,000.00. **ALVEAR** was then observed carrying the rifle to the vehicle in which he arrived. ATF agents then arrested **ALVEAR.**

6. Subsequent to **ALVEAR's** arrest, a recorded interview was conducted after **ALVEAR** was read his Miranda warnings and chose to waive said warnings. During the interview, **ALVEAR** stated that he was born in Mexico and was presently in the United States unlawfully as he did not have any legal documents to be in the United States. **ALVEAR** also stated that due to his undocumented status, he was aware that it was illegal for him to possess a firearm.

7. Agents discussed the origin of the Barrett .50 caliber rifles with ATF Nexus expert Special Agent M. Badowsky who stated that rifle was manufactured in the state of Tennessee, therefore its presence in Texas confirmed it had traveled in interstate commerce.

8. Based upon the foregoing information and my training and experience I believe information has been presented which supports a request for the issuance of an arrest warrant for

**Cristian ALVEAR** for violation of Title 18, United States Code Sections 922(g)(5), Possession of a Firearm by a Prohibited Person; namely an undocumented alien unlawfully present in the United States.

Jarod Cardona
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed telephonically to me this 10th day of August 2021 and I hereby find probable cause.

Sam S. Sheldon
United States Magistrate Judge