Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts
Southern District of Texas
FILED

*December 15, 2021*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:21-cr-442-S1** |
| | § | |
| **CRISTIAN ALVEAR,** | § | |
| **JUAN CARLOS OLEA,** | § | |
| **CHRISTOPHER WHITEHEAD,** | § | |
| **ERIC GOMEZ,** | § | |
| **JOHN HERRERA, III,** | § | **FILED UNDER SEAL** |
| Defendants. | § | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1.  The following items are firearms and ammunition of category and nature which cannot be exported from the United States without a license or written approval from the United States Government:

    a.  Century Arms, C308 rifles

    b.  Barrett .50 caliber rifles

    c.  Barrett 82cq .50 caliber rifles

    d.  Barrett 82A1 .50 caliber rifles

    e.  Century Arms VSKA 7.62 caliber rifles

    f.  Romarm/Cugir WASR-10 rifles

    g.  Anderson Manufacturing AM-15 rifles

    h.  PRI model 91 rifles

2.  It is also unlawful for a person to violate United States laws governing the outbound smuggling of any merchandise, article, or object, including firearms and ammunition.

1

Title 18, United States Code, Section 554(a) makes it a federal crime to fraudulently or knowingly export or send from the United States, or attempt to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States; or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

3. Neither CRISTIAN ALVEAR nor any co-conspirator identified herein has ever applied for, received, or possessed a license or written approval from the United States Government to export any firearms or ammunition.

4. The ATF Form 4473 (Firearm Transaction Record):

   a. The ATF Form 4473 (hereafter "Form 4473") is a document used and maintained by the FFL to create a written record of each firearm sale or disposition. The Form 4473 is completed in part by the FFL and in part by a firearms purchaser at the time a firearm is sold or otherwise disposed of. The Form 4473 memorializes that an FFL has taken all precautions required by the ATF and his license to make sure he does not transfer a firearm to a person who is prohibited from possessing it. Accordingly, among other things, the Form 4473 records that a firearms purchaser identified himself to the FFL with a valid identification bearing his photograph. The Form 4473 also requires that the purchaser truthfully answer a series of questions about the firearms transaction.

5. The purpose of the Form 4473 is threefold. The first is to cause FFLs and prospective firearm purchasers alike to take note of any legal impediments to the consummation of a firearms sale before deciding to proceed. The second is to acquire sufficient information

2

about the purchaser to enable the Federal Bureau of Investigation (hereafter "FBI"), though its National Instant Background Checking System (hereafter "NICS"), to perform a criminal history check of the purchaser to verify he or she is not prohibited from possessing a firearm on account of a prior felony conviction or status as an illegal alien, among several other prohibitions.   The third purpose of the ATF Form 4473 is to create a traceable record of the sale of a firearm, which permits law enforcement officers in an on-going criminal investigation involving a firearm as evidence to trace the firearm to its last-known owner.

## COUNT ONE
### Aiding and Abetting a False Statement During Purchase of a Firearm

On or about April 29, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR**
**AND**
**JUAN CARLOS OLEA**

defendants herein, aiding and abetting each other and those known and unknown to the Grand Jury, in connection with the acquisition of a firearm, that is, a three Romarm/Cugir, model WASR-10 7.62x39 caliber rifles, from Spring Guns & Ammo, d/b/a Bayou Arms, Inc., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive Spring Guns & Ammo, d/b/a/ Bayou Arms, Inc. as to a fact material to the lawfulness of such sale of the said firearm, in that Juan Carlos Olea executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

3

**COUNT TWO**
**Alien in Possession of a Firearm**

On or about July 12, 2021 continuing through August 9, 2021, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR**

defendant herein, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess firearms to wit: a Barrett, Model 82A1 .50 caliber rifle and a Colt, Model 1911 .45 caliber pistol, said firearms having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

4

## COUNT THREE
## Aiding and Abetting Smuggling Goods from the United States

On or about December 1, 2019 continuing through August 9, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR,**

defendant herein, aiding and abetting those known and unknown to the Grand Jury, did fraudulently and knowingly export and send, and attempt to export and send from the United States; and facilitated the transportation, concealment, or sale of certain merchandise, article or object, knowing the same to be intended for exportation from the United States, to wit: the following types of firearms: Century Arms, model C308 rifles, Barret 82cq .50 caliber rifles, Barrett 82A1 .50 caliber rifles, Century Arms, model VSKA 7.62x39 caliber rifles, Romarm/Cugir WASR-10 rifles, Anderson Manufacturing model AM-15 rifles, and PTR model 91 rifles, contrary to the laws and regulations of the United States, in that ALVEAR exported and sent, and attempted to export and send; and facilitated the transportation, concealment, or sale of said firearms from the United States to the United Mexican States without a license or written approval from the United States Government as required by Title 50, United States Code, Section 4819, and Title 15 Code of Federal Regulations, Section 730 et seq.

In violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT FOUR
## Aiding and Abetting a False Statement During Purchase of a Firearm

On or about April 29, 2021 continuing through April 30, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR
AND
CHRISTOPHER WHITEHEAD**

defendants herein, aiding and abetting each other and those known and unknown to the Grand Jury, in connection with the acquisition of a firearm, that is, a Century Arms model C308 .308 caliber rifle, from Collector's Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive Collector's Firearms as to a fact material to the lawfulness of such sale of the said firearm, in that Christopher Whitehead executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

6

**COUNT FIVE**
**Aiding and Abetting a False Statement During Purchase of a Firearm**

On or about May 1, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR**
**AND**
**CHRISTOPHER WHITEHEAD**

defendants herein, aiding and abetting each other and those known and unknown to the Grand Jury, in connection with the acquisition of a firearm, that is, an Anderson Manufacturing, model AM-15 556 caliber rifle, from GAW Enterprises, also known as PCG Sports Unlimited, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive GAW Enterprises, also known as PCG Sports Unlimited as to a fact material to the lawfulness of such sale of the said firearm, in that Christopher Whitehead executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## COUNT SIX
## Aiding and Abetting a False Statement During Purchase of a Firearm

On or about May 18, 2021 continuing through May 21, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR**
**AND**
**CHRISTOPHER WHITEHEAD**

defendants herein, aiding and abetting each other and those known and unknown to the Grand Jury, in connection with the acquisition of a firearm, that is, a Five (5) Century Arms model VSKA 7.62x39 caliber rifles, from B.M.K. Machine Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive B.M.K. Machine Guns as to a fact material to the lawfulness of such sale of the said firearm, in that Christopher Whitehead executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

8

## COUNT SEVEN
## Aiding and Abetting a False Statement During Purchase of a Firearm

On or about May 1, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**CRISTIAN ALVEAR
AND
ERIC GOMEZ**

defendants herein, aiding and abetting each other and those known and unknown to the Grand Jury, in connection with the acquisition of a firearm, that is, a Century Arms VSKA 7.62 x 39 caliber rifle, from M&M Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive M&M Pawn as to a fact material to the lawfulness of such sale of the said firearm, in that Eric Gomez executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

9

## COUNT EIGHT
## False Statement During Purchase of a Firearm

On or about April 29, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOHN HERRERA, III**

defendant herein, in connection with the acquisition of a firearm, that is, a Diamondback Arms, Inc., model DB-15, 556 caliber rifle, from Carter's Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive Carter's Country as to a fact material to the lawfulness of such sale of the said firearm, in that John Herrera, III executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

10

## COUNT NINE
## False Statement During Purchase of a Firearm

On or about June 25, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOHN HERRERA, III**

defendant herein, in connection with the acquisition of a firearm, that is, a Romarm/Cugir, model WASR-10 rifle, from Carter's Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive Carter's Country as to a fact material to the lawfulness of such sale of the said firearm, in that John Herrera, III executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

11

## COUNT TEN
## False Statement During Purchase of a Firearm

On or about July 11, 2021 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**JOHN HERRERA, III**

defendant herein, in connection with the acquisition of a firearm, that is, a Century Arms VSKA 7.62 x 39 caliber rifle, from Carter's Country, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code knowingly made a false and fictitious written statement on a Form 4473 that was intended and likely to deceive Carter's Country as to a fact material to the lawfulness of such sale of the said firearm, in that John Herrera, III executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473 (Firearms Transaction Record) to the effect that he was the buyer of the firearm, whereas in truth and in fact, he was purchasing the firearm for another individual.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

Pursuant to Title 18 United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), the United States hereby gives notice to defendant,

**CRISTIAN ALVEAR,**
**JUAN CARLOS OLEA,**
**CHRISTOPHER WHITEHEAD,**
**ERIC GOMEZ,**
**AND**
**JOHN HERRERA, III**

that upon conviction of a knowing violation of Title 18, United States Code, Sections 922(g) or 924, all firearms and ammunition involved in or used in any such violation is subject to forfeiture, including but not limited to a Barrett, Model 82A1 .50 caliber rifle and a Colt, Model 1911 .45 caliber pistol.

Original Signature on file

FOR

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

JENNIFER STABE
Assistant United States Attorney
Southern District of Texas
713-567-9711

13