TRULINCS 08721511 - GARCIA-MIRANDA, ALBER - Unit: HOU-E-W

---

FROM: 08721511
TO:
SUBJECT:
DATE: 01/21/2026 05:48:39 PM

United States Courts
Southern District of Texas
F I L E D

JAN 2 6 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA
v.
ALBER GARCIA-MIRANDA

Case No. 4:21-cr-00442-020

PRELIMINARY STATEMENT AND LEGAL BASIS FOR DEFENDANT'S REPLY

Defendant, Alber Garcia-Miranda, appearing pro se, respectfully submits this Reply to the Government's Response in order to preserve the integrity of the record, correct material misstatements and omissions, and ensure that the Court is fully apprised of the applicable facts and controlling law before ruling.

Although the Federal Rules of Criminal Procedure do not expressly enumerate a "reply" as of right of every circumstance, it is well-stablished that district courts possess broad inherent authority to permit replies when necessary to ensure fairness, accuracy, and due process. This is particularly true where, as here, the Government's response introduces new arguments, factual assertions, or legal theories that were not previously addressed and which, if left unrebutted, could materially prejudice the Defendant.

Courts within the Fifth Circuit have repeatedly recognized that due process requires a meaningful opportunity to be heard, which necessarily includes the opportunity to respond when the opposing party advances new or misleading contentions. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976), fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner".

Here, the Government's Response goes beyond a neutral opposition and instead reframes the factual narrative, selectively cites authority, and omits controlling legal standards, thereby creating a distorted record. Allowing the Government the last word under these circumstances would be inconsistent with basic notions of fairness and would improperly shift the adversarial balance.

This Court has both the authority and the responsibility to consider clarifying replies when doing so assists the Court in reaching a legally sound and factually accurate decision. See United States v. Fields, 483 F.3d 313, 354 (5th Cir. 2007) - District courts retain broad discretion to manage filings and ensure orderly and fair proceedings.

Moreover, where a defendant proceeds pro se, the Court must ensure that procedural formalities do not eclipse substantive justice. While pro se litigants are held to applicable rules, filings must be construed to allow meaningful presentation of claims, particularly when liberty interests are at stake/ See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Accordingly, this Reply is not redundant, not dilatory, and not improper. Rather, it is necessary to:
1. Correct factual inaccuracies and unsupported inferences advanced by the Government;
2. Address legal arguments raised for the first time in the Government's Response;

TRULINCS 08721511 - GARCIA-MIRANDA, ALBER - Unit: HOU-E-W
---

3. Provide controlling authority omitted by the Government; and
4. Ensure the Court's ruling rests on a complete and accurate record.

Denying the Defendant the opportunity to respond under these circumstances would elevate form over substance and risk an adjudication based on an incomplete or misleading presentation an outcome incompatible with the Court's obligation to administer justice fairly and deliberately.

For these reasons, the Defendant respectfully submits this Reply and requests that the Court consider it in full when evaluating the issues presented.

Respectfully Submitted,


_A.G.M_
Alber Garcia-Miranda
Defendant

Alber garcia-Miranda #08724511
FEDERAL DETENTION CENTER
HOUSTON, P.O Box 526255
HOUSTON, TX 77052

LEGAL MAIL

HOUSTON TX RPDC 773
22 JAN 2026 PM 3 L

United States Courts
Southern District of Texas
FILED
JAN 26 2026
Nathan Ochsner, Clerk of Court

7002-2600093

NATHAN OCHSNER
BOB CASEY FEDERAL BUILD
515 RUSK AVE
HOUSTON, TEXAS 77002